United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALIK JONES,
Plaintiff,

v.

D. BRIGHT, et al.,
Defendants.

Case No. 11-cv-06313-WHO

**ORDER OF SERVICE;**

**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**

**INSTRUCTIONS TO CLERK**

## INTRODUCTION

Plaintiff Malik Jones's amended complaint, filed as part of his pro se federal civil rights action under 42 U.S.C. § 1983, is now before the Court for review under 28 U.S.C. § 1915A(a).

His original complaint was dismissed with leave to amend. It raised a wide variety of unrelated claims against staff at Salinas Valley State Prison. The order of dismissal, invoking Federal Rule of Civil Procedure 20, instructed Jones that he "may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law common to all defendants named therein." (Docket No. 16 at 2.)

The amended complaint suffers from the same deficiencies of the first. In it, Jones again raises a wide variety of unrelated claims against staff at Salinas Valley State Prison, ranging from inadequate medical treatment to excessive force. Only one of these claims shall proceed.

Having concluded that the amended complaint (Docket No. 21) states a cognizable claim against D. Tyler for providing constitutionally inadequate medical care, the Court directs defendants to file in response to the operative complaint a dispositive motion, or notice regarding such motion, on or before January 12, 2015, unless an extension is granted. The Court further directs that defendants are to adhere to the notice provisions detailed in Section 10 of the conclusion of this order. The remaining claims are DISMISSED without prejudice as detailed below.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55

United States District Court
Northern District of California

United States District Court
Northern District of California

(9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Legal Claims**

Plaintiff Jones makes various claims against eighteen defendants (correctional officers, administrators, and medical staff) for many acts and omissions unrelated by fact or law. The sole claim that shall proceed in this action is the claim that D. Tyler, a nurse at Salinas Valley State Prison, provided constitutionally inadequate medical care. When liberally construed, those allegations state a claim for relief under § 1983.

His claims that his administrative grievances were improperly processed, and his central files corrupted, by defendants I. Herrera and E. Medina are DISMISSED without prejudice to Jones filing them in a separate civil rights complaint.

His claim that D. Bright, a physician, used excessive force against him is DISMISSED without prejudice to Jones filing such claim in a separate civil rights action.

His claims that D. Bright and Fox deprived him of his wheelchair, destroyed his files related to his use of the wheelchair, and retaliated against him, and his claims that Machuca, Vialobos, Lopez, Johnson, Cato, Sepulveda, Silva, Bright, Fox, Strauss, Lawler, Mack, Herrera, Trent, Gebauer, and Munic refused to accommodate his need to have his meals brought to his cell, otherwise failed to accommodate his disability, and participated in retaliatory acts, are DISMISSED without prejudice to Jones filing them in a separate civil rights action.

Hedgpeth, Warden of Salinas Valley, is TERMINATED as a defendant in this action because Jones has failed to allege any claims against him.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint in this

matter (Docket No. 21), all attachments thereto, and a copy of this order upon D. Tyler, nurse at Salinas Valley State Prison. The Clerk shall also mail courtesy copies of the operative complaint and this order to the California Attorney General's Office.

2. No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

4. Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate,

United States District Court
Northern District of California

may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

**IT IS SO ORDERED.**

**Dated:** October 6, 2014



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California