UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>D. TYLER,<br><br>    Defendant. | Case No. 11-cv-06313-WHO (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Dkt. No. 32 |

**INTRODUCTION**

Plaintiff Malik Jones seeks relief under 42 U.S.C. § 1983 on his claims that defendant Debora Tyler, a nurse at Salinas Valley State Prison, was deliberately indifferent to his serious medical needs by denying him the medication gabapentin to treat his neuropathic pain. Tyler moves for summary judgment, has presented supporting evidence, and has provided Jones with the required warnings under *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). A response to this motion was due more than a month ago, on September 21, 2015, and Jones has neither filed an opposition nor requested any extension of time to file one. It is undisputed that Tyler prescribed amitriptyline, the first line treatment suggested by prison healthcare guidelines for chronic pain, for Jones in place of gabapentin, whose use was curtailed by prison officials in 2011 after they had determined that it was both ineffective and abused by inmates. On this record, there are no

1  material facts in dispute that could show deliberate indifference to a serious medical need.
2  Defendant's motion for summary judgment is GRANTED.

## STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotations omitted).

**FACTUAL BACKGROUND**

Jones alleges that Tyler violated his Eighth Amendment rights by withholding the medication gabapentin[1] that had formerly been prescribed for his neuropathic pain. (Am. Compl. at 9.) He also alleges that the replacement medications she prescribed (ibuprofen and Elavil[2]) caused unpleasant side effects. (*Id.*)

The following factual assertions are undisputed on this record. Before his transfer to Salinas Valley State Prison in January 2011 from New Folsom State Prison, Jones had been prescribed gabapentin and ibuprofen for his back pain. (MSJ, Barnett Decl. at 4.) Upon arrival at Salinas Valley, he asked that his prescription be renewed. In February, Dr. Mack wrote an interim prescription for gabapentin until Jones's primary physician could determine whether the drug was appropriate for his condition. (*Id.*) The prescription of gabapentin had been greatly restricted in 2011, owing to the drug's ineffectiveness and its abuse by inmates. (*Id.* at 4-5.)

In March, Tyler noted that Jones had to be further examined before gabapentin could be prescribed. (*Id.* at 5.) In April, Tyler determined that "no exam findings or diagnostics to explain" Jones's chronic back pain. Because there was no medical need for gabapentin, Tyler decided against recommending it. It was decided to prescribe amitriptyline and to evaluate its effectiveness. This medication was suggested by prison healthcare guidelines as a first-line treatment for chronic pain. Not only is it more readily available than gabapentin, it provides excellent benefits: a single dosage a day, its sedative effects aid sleep, and it's not as widely abused as gabapentin. (*Id.*)

Efforts to monitor Jones's progress on the new medication were thwarted by his refusal to attend clinic appointments in October and August and to be examined: "[Jones]

---

[1] Neurontin is the brand name. (MSJ, Barnett Decl. at 3 n.3.)
[2] Jones calls this drug "Nepotriptilin." (Am. Compl., Docket No. 21, at 9.) Defendant asserts that Jones "undoubtedly" means amitriptyline (Elavil) as there is no drug called Nepotriptilin. (MSJ, Barnett Decl. at 4 n.4.)

pleasant, but clearly uncooperative with exam --- declines all work-up." (MSJ, Barnett Decl. at 6.)

## DISCUSSION

Defendant moves for summary judgment on grounds that she provided constitutionally ample and appropriate treatment for Jones's medical needs. The motion is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). This is so even if the failure to oppose violates a local rule. *See Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), rev'd on other grounds sub nom. *Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

A prison official is deliberately indifferent, and thereby violates the Eighth Amendment, if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act, or a failure to act, on the part of the defendant and harm resulting therefrom. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).

A difference of opinion between a prisoner patient and a medical doctor is not enough to make out a violation of the Eighth Amendment. *Toguchi v. Chung*, 391 F.3d

4

1051, 1058-60 (9th Cir. 2004). Rather, a plaintiff must establish that the course of treatment the doctors chose was "medically unacceptable under the circumstances" and that they embarked on this course in "conscious disregard of an excessive risk to [plaintiff's] health." *Id.* at 1058 (citation omitted). Neither negligence, gross negligence, nor the inadvertent failure to provide medical care is sufficient to make out a violation of the Eighth Amendment. *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

The evidence presented by defendant supports the motion for summary judgment. Tyler examined Jones and recommended a reasonable treatment for his pain. Her decision to recommend one pain medication rather than Jones's preferred one is not sufficient to show a genuine dispute that defendant's decision was "medically unacceptable under the circumstances" and that she embarked on this course in "conscious disregard of an excessive risk" to Jones's health. *Toguchi,* 391 F.3d at 1058. "[A] showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Furthermore, in light of the prison's restrictions on the prescription of gabapentin, Tyler's decision is entirely reasonable. Accordingly, defendant Tyler's motion for summary judgment is GRANTED in favor of defendant Tyler as to all claims.

## CONCLUSION

Defendant's motion for summary judgment (Docket No. 32) is GRANTED. The Clerk shall terminate Docket No. 32, enter judgment in favor of D. Tyler as to all claims, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 23, 2015

WILLIAM H. ORRICK
United States District Judge